IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARK A. PATTERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )  Case No. 3:20-cv-634-DWD |
| | ) |
| JASON TERRIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner Mark A. Patterson was convicted for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). He now collaterally attacks that conviction with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1) Patterson argues that prosecutors failed to prove all the elements of § 922(g) as construed by the Supreme Court in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). He is correct that prosecutors did not prove all the elements, but he fails to show that he is actually innocent of violating § 922(g). A showing of actual innocence is a prerequisite for relief under § 2241 in Patterson's case, as argued by Respondent and Patterson's counsel, who has filed a motion to withdraw stating that he can find no non-frivolous basis for relief for this reason. (Doc. 13) Therefore, Patterson's petition is due to be denied.

Prior to his § 922(g) conviction, Patterson had been convicted for multiple crimes of violence. At the age of 15, Patterson plead guilty to robbery and was sentenced to three years in juvenile prison. (Doc. 25 at 24) He was in prison from October 1983 to March

1985 when he was given supervised release. (Doc. 25 at 25) His supervised release was revoked, and he was returned to custody in June 1985. (Doc. 25 at 25) He was discharged in May 1986. (Doc. 25 at 25)

In March 1987, Patterson plead guilty to three separate felony offenses and was sentenced to four years of imprisonment on each offense. (Doc. 25 at 25–26) In February 1989, Patterson plead guilty to armed robbery and was sentenced to six years in prison. (Doc. 25 at 28) In May 1989, Patterson plead guilty to another armed robbery and was sentenced to six more years in prison. (Doc. 25 at 27) Patterson served time from March 1989 until he was paroled in March 1992. (Doc. 25 at 28)

Generally, § 2241 petitions may not be used to raise claims of legal error in a conviction or at sentencing and are limited to challenges regarding the execution of a sentence. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner who has been convicted in federal court typically must bring challenges to his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. A prisoner is limited to bringing only one motion under § 2255, however, unless a panel of the appropriate court of appeals authorizes the filing of a second or successive motion after certifying that the motion will involve either newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his

2

federal conviction or sentence. Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit has explained that a "procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

In the wake of *Davenport*, a petitioner must meet three conditions to trigger the savings clause. First, he must show that he relies on a new statutory interpretation case rather than on a constitutional case. Second, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that the decision applies retroactively. Finally, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is so grave that it is deemed a miscarriage of justice, such as "a conviction for a crime of which he was innocent." *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *see also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

Respondent concedes that Patterson has met the first two elements required to trigger the savings clause under current Seventh Circuit precedent. (Doc. 23 at 16) However, Respondent argues that Patterson has not shown that he is actually innocent and thus that his conviction was a miscarriage of justice. (Doc. 23 at 18) The actual-innocence standard requires the petitioner to show "that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Perrone v. United States*, 889 F.3d 898, 906 (7th Cir. 2018). "It is important to note in this regard that

3

'actual innocence' means factual innocence, not mere legal insufficiency. In other words, the Government is not limited to the existing record to rebut any showing that petitioner might make. Rather, on remand, the Government should be permitted to present any admissible evidence of petitioner's guilt . . . ." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998).

Patterson has made no attempt to show that he is actually innocent of violating § 922(g). His petition simply asserts that his conviction was improper because the United States did not prove that he knew he was a felon at the time of his arrest. (Doc. 1 at 2) The United States, however, has pointed to ample evidence that Patterson did know he was a felon at the time of his arrest. He received six felony convictions, in each of which he was sentenced to a term of imprisonment greater than one year, and he actually served more than a year of prison time on multiple convictions. These prior convictions and imprisonment provide ample circumstantial evidence that Patterson knew he was a felon at the time of his arrest. *See United States v. Pulliam*, 973 F.3d 775, 781–82 (7th Cir. 2020) (holding that multiple prior convictions involving sentences for multiple years each constituted "strong circumstantial evidence that [the defendant] knew he was a felon"); *Morris v. Williams*, No. 19-cv-1329-JPG, 2021 WL 3164267, at *3 (S.D. Ill. July 27, 2021) (finding that prior conviction for the same crime and imprisonment for over a year should have alerted petitioner to his status as a felon).

Patterson has failed to meet his burden to show that it is more likely than not that no reasonable juror would find beyond a reasonable doubt that he had knowledge of his status as a felon when he was arrested. And Respondent has provided evidence showing

4

that a reasonable juror could make such a finding beyond a reasonable doubt. Therefore, Patterson has not met the third prong required by § 2255's savings clause and is not entitled to relief under § 2241. For all these reasons, Patterson's counsel's motion to withdraw (Doc. 13) is **GRANTED**, and the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court shall enter judgment reflecting the dismissal and shall close this case.

It is not necessary for Petitioner to obtain a certificate of appealability should he choose to appeal this Order denying his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). Petitioner may appeal by filing a notice of appeal, which typically must be filed within 30 days of the entry of judgment. *See* Fed. R. App. P. 4.

**SO ORDERED.**

Dated: November 9, 2021

_____
DAVID W. DUGAN
United States District Judge